## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | |
|---|---|
| **FLEXIWORLD TECHNOLOGIES, INC.,** | |
| Plaintiff, | |
| **v.** | Case No. 2:25-cv-00960 |
| **LG ELECTRONICS INC. and LG ELECTRONICS U.S.A., INC.,** | Jury Trial Demanded |
| Defendants. | |

## ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Flexiworld Technologies, Inc. files this Original Complaint for patent infringement against Defendants LG Electronics Inc. ("LGE") and LG Electronics U.S.A., Inc. ("LGEUS") (collectively, "Defendants" or "LG") alleging as follows:

## BACKGROUND AND NATURE OF THE SUIT

1.     This is a claim for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code.  This case asserts infringement of U.S. Patent Nos. 9,042,811 ("the '811 Patent"); 9,836,259 ("the '259 Patent"); 9,965,233 ("the '233 Patent"); 10,140,072 ("the '072 Patent"); 10,162,596 ("the '596 Patent"), and 10,037,178 ("the '178 Patent") (collectively, the "Asserted Patents").

2.     The Patents-in-Suit are owned by Plaintiff, Flexiworld Technologies, Inc. ("Flexiworld" or "Plaintiff").

3.     Flexiworld is a pioneer and leading innovator in the field of pervasive wireless technologies.

**ORIGINAL COMPLAINT**                                                      **Page 1 of 28**

4.      Flexiworld was founded by American scientist and inventor William Ho Chang and is an innovator engaged in research and development of technologies for wireless applications and embedded solutions in short-range wireless (e.g., WiFi, Bluetooth) and mobile device markets.

5.      Flexiworld has significantly contributed to the innovation of wireless devices such as wireless televisions, mobile phones, notebooks, PDAs, digital cameras, wireless printers, wireless audio devices, etc.

6.      Flexiworld was voted the best early-stage company in the Pacific Northwest in 2002 and Flexiworld's business plan was also voted, consecutively, as the top 2 among the "Ten Best" in 2002 and in 2003 by the Business Journal in Silicon Valley, USA.

7.      Flexiworld's innovative work and results have been widely recognized in the industry.  The company's patents have been repeatedly forward cited by major technology companies worldwide, including by Samsung, Seiko Epson, Canon, Xerox, NEC, Mattel, and others.

8.      Flexiworld has developed wireless applications and embedded solutions for the short-range wireless and mobile device market.

9.      William H. Chang, one of the named co-inventors on the Patents-in-Suit, is the founder and President of Flexiworld.  Mr. Chang has been granted over 88 United States patents and over 100 patents worldwide on his inventions.

10.      Christina Ying Liu, one of the named co-inventors on the Patents-in-suit, is a Flexiworld shareholder.  Ms. Liu has been granted over 65 United States patents and over 75 patents worldwide on her inventions.

## THE PARTIES

11.      Flexiworld is a Washington corporation with its principal place of business at 3439 NE Sandy Blvd., #267, Portland, Oregon 97232.

12.      On information and belief, Defendant LGE is a Korean corporation with a principal place of business at LG Twin Towers, 128 Yeoui-daero, Yeongdungpo-gu, Seoul, 07366, South Korea.

13.      On information and belief, Defendant LGEUS is a Delaware corporation with regular and established places of business within this District at 2153-2155 Eagle Pkwy, Fort Worth, TX 76177 and 14901 Beach St, Fort Worth, TX 76177.

14.      On information and belief, Defendant LGEUS is a wholly owned subsidiary of Defendant LGE. Defendant LGEUS may be served with process through its Texas registered agent, United States Corporation Company, 211 E. 7th Street, Suite 620, Austin, Texas 78759.

15.      Defendants are engaged (including, as relevant, in the past) in making, using, selling, offering for sale, and/or importing, and/or inducing one another and their respective subsidiaries, affiliates, distributors, suppliers, retail partners, and customers in the making, using, selling, offering for sale, and/or importing throughout the United States, including within this District, LGE and LGEUS products, including LG televisions (the "Accused TVs"), LG soundbars (the "Accused Soundbars"), LG television remotes (the "Accused TV Remotes"), and apps (the "Accused Apps") (collectively the "Accused Products").

16.      On information and belief, LGEUS provides (and has provided) sales, distribution, research, and/or development support in the United States. And LGE and/or LGEUS have imported and continue to import Accused Products into the United States and this District.

**ORIGINAL COMPLAINT**                                                    **Page 3 of 28**

17.    On information and belief, LGE controls (and has controlled) LGEUS, as well as many other subsidiaries, within the supply chain of Accused Products that were shipped to the United States. On information and belief, LGEUS provides (and has provided) sales, distribution, research, and development support in the United States for its parent LGE, which wholly owns LGEUS. LGEUS is, and has been, an agent of LGE. At the direction and control of LGE, U.S. based sales and/or distribution subsidiaries, including LGEUS, have imported and continue to import Accused Products into the United States and this District.

18.    On information and belief LGE controls (and has controlled) LGEUS. On information and belief, each of these related companies and other LG companies are, and have been, agents of LGE. For example, LGE and LGEUS use the same logo, further emphasizing that these companies are alter egos and/or agents of one another.

19.    On information and belief, LGE and LGEUS, along with their respective foreign and U.S.-based subsidiaries, affiliates, distributors, retail partners, and customers (which act as part of a global network and supply chain of overseas sales and manufacturing subsidiaries), have operated as agents of one another and vicariously as parts of the same business group to work in concert together and enter into agreements that are nearer than arm's length to provide (and have provided) a distribution channel of infringing products within this District and the U.S. nationally.

20.    LGE and LGEUS operate (and have operated) in agency with their respective foreign and U.S.-based subsidiaries, affiliates, distributors, retail partners, suppliers, and customers, to provide a distribution channel of infringing products within this District and the U.S. nationally. LGE and LGEUS, individually and/or between one another and their respective agents and foreign and U.S.-based subsidiaries, affiliates, distributors, retail partners, suppliers, and

**ORIGINAL COMPLAINT**                                                                    **Page 4 of 28**

customers, purposefully direct (and have directed) the Accused Products into established distribution channels within this District and the U.S. nationally.

21.    On information and belief, LGE and LGEUS, including their respective U.S.-based subsidiaries, affiliates, distributors, retail partners, and customers (which act as part of a global network and supply chain of overseas sales and manufacturing subsidiaries), have operated as agents of one another and vicariously as parts of the same business group to work in concert together and enter into agreements that are nearer than arm's length. LGE and LGEUS, and their U.S.-based sales subsidiaries, individually and/or in concert, conduct business (and have conducted business) in the United States, including importing, distributing, offering to sell, and selling the Accused Products that incorporate devices, systems, and processes that infringed the Patents-in-Suit in Texas and this District.

22.    Through offers to sell, sales, imports, distributions, and other related agreements to transfer ownership of Defendants' Accused Products by and/or to affiliates, distributors, subsidiaries, suppliers, retail partners, customers, agents, and/or other Defendants, Defendants are operating in (and have operated in) and maintaining (and maintained) a significant business presence in the U.S. and/or through their U.S. subsidiaries or agents, Defendants do business in the U.S., the state of Texas, and in the Eastern District of Texas.

23.    On information and belief, Defendants place, have placed, and contributed to placing Accused Products into the stream of commerce via an established distribution channel knowing or understanding that such products would be sold and used in the United States, including in this judicial district.  On information and belief, Defendants have also derived substantial revenues from infringing acts in this District, including from the sale and use of the Accused Products.

24.     On information and belief, LGE is liable for any act for which LGEUS and its other subsidiaries would be or would have been liable, including for any infringement alleged in this matter, and references herein should be understood to encompass such acts by LGE.

## JURISDICTION AND VENUE

25.     This action arises under the patent laws of the United States, 35 U.S.C. § 101, et seq. This Court's jurisdiction over this action is proper under the above statutes, including 35 U.S.C. § 271, et seq., 28 U.S.C. § 1331 (federal question jurisdiction) and § 1338 (jurisdiction over patent actions).

26.     This Court has general and specific personal jurisdiction over Defendants pursuant to due process and/or the Texas Long Arm Statute because, *inter alia*, (i) Defendants have done and continue to do business in Texas and (ii) Defendants have, directly and through intermediaries, committed and continue to commit acts of patent infringement in the State of Texas, including making, using, offering to sell, and/or selling accused products in Texas, and/or importing accused products into Texas, either directly or vicariously, including by Internet sales and sales via retail and wholesale stores, inducing others to commit acts of patent infringement in Texas, and/or committing at least a portion of any other infringements alleged herein. Defendants have placed, and continues to place, infringing products into the stream of commerce, via an established distribution channel, with the knowledge and/or understanding that such products are sold in Texas, including in this District. Defendants have derived substantial revenues from their infringing acts occurring within Texas and within this District. Defendants have substantial business in this State and judicial district, including: (A) at least part of its infringing activities alleged herein; and (B) regularly doing or soliciting business, engaging in other persistent conduct, and/or deriving substantial revenue from infringing goods offered for sale, sold, and imported, and

services provided to Texas residents vicariously through and/or in concert with its alter egos, intermediaries, agents, distributors, importers, customers, subsidiaries, and/or consumers.

27.    This Court has personal jurisdiction over Defendants, directly or through intermediaries, distributors, importers, customers, subsidiaries, and/or consumers including its subsidiaries. Through direction and control of such subsidiaries, Defendants have committed acts of direct and/or indirect patent infringement within Texas, and elsewhere within the United States, giving rise to this action and/or has established minimum contacts with Texas such that personal jurisdiction over Defendant would not offend traditional notions of fair play and substantial justice.

28.    Personal jurisdiction is proper because Defendants have committed acts of infringement in this District. This Court has personal jurisdiction over Defendants because, *inter alia*, this action arises from activities Defendants purposefully directed towards the State of Texas and this District.

29.    Exercising personal jurisdiction over Defendants in this District would not be unreasonable given Defendants' contacts in this District, the interest in this District of resolving disputes related to products sold herein, and the harm that would occur to Flexiworld.

30.    In addition, Defendants, either alone or in concert with their subsidiaries, has knowingly induced and continues to knowingly induce infringement within this District by advertising, marketing, offering for sale and/or selling devices pre-loaded with infringing functionality within this District, to consumers, customers, manufacturers, distributors, resellers, partners, and/or end users, and providing instructions, user manuals, advertising, and/or marketing materials which facilitate, direct or encourage the use of infringing functionality with knowledge thereof.

**ORIGINAL COMPLAINT**                                                                    **Page 7 of 28**

31.    Personal jurisdiction also exists specifically over Defendant because it, directly or through affiliates, subsidiaries, agents, or intermediaries, transacts business in this State or purposefully directed at this State (including, without limitation, retail stores) by making, importing, offering to sell, selling, and/or having sold infringing products within this State and District or purposefully directed at this State or District.

32.    Personal jurisdiction also exists specifically over Defendants because Defendants have overlapping executives, interlocking corporate structures, and close relationships as manufacturer, importer, and distributor of the products accused of infringement.

33.    Exercising jurisdiction over Defendants in this State and this District would be consistent with due process and this State's long-arm statute and under national contacts in light of facts alleged in this Complaint.

34.    As discussed in detail herein, Defendants have infringed (literally and/or under the doctrine of equivalents), directly, indirectly, and/or through subsidiaries, agents, representatives, or intermediaries, one or more claims of each of the Patents-in-Suit by making, using, importing, testing, supplying, causing to be supplied, selling, and/or offering for sale in the United States the Accused Products.

35.    Venue is proper as to LGE in this judicial district pursuant to 28 U.S.C. § 1391 because, among other things, Defendant is not resident in the United States, and thus may be sued in any judicial district, including this one, pursuant to 28 U.S.C. § 1391(c)(3). *See In re HTC Corp.*, 889 F.3d 1349, 1357 (Fed. Cir. 2018) ("The Court's recent decision in *TC Heartland* does not alter" the alien-venue rule.).

36.    With respect to LGEUS, venue is proper in this District under 28 U.S.C. § 1400(b). LGEUS has committed acts of infringement in the District and/or has induced acts of

**ORIGINAL COMPLAINT**                                                                 **Page 8 of 28**

patent infringement by others in this District and has a regular and established place of business within the District. For example, LGEUS has regular and established places of businesses, including a distribution facility, within this District at 2153-2155 Eagle Pkwy, Fort Worth, TX 76177 and 14901 Beach St, Fort Worth, TX 76177.  In addition, LGE and LGEUS have not challenged, and thereby conceded, that venue is proper in this district in other recent patent infringement actions. *See e.g.*, *Celerity IP, LLC v. LG Elecs.*, No. 2:23-cv-0316-JRG-RSP (E.D. Tex. Nov. 27, 2023) at ¶ 13; *SpaceTime3D, Inc. v. LG Elecs, Inc.*, No, 2:22-CV-00049- RWS, Dkt. 19 (E.D. Tex. June 20, 2022) at ¶¶ 18-19; *WFR IP LLC v. LG Elecs.*, No. 2:22-CV-00245-RWS-RSP (E.D. Tex. Nov. 23, 2022), Dkt. 16 at ¶ 6; *Arigna Tech. Ltd., LG Elecs., Inc.*, No. 2:21-cv-00377, (E.D. Tex. Jan. 26, 2022) Dkt. 24 at ¶¶ 13-14; *Hardin v. LG Elecs., Inc.*, No. 2:21-cv-00289, (E.D. Tex. Nov. 22, 2021) Dkt. 14 at ¶ 6; *Seven Networks, LLC v. LG Elecs., Inc.*, No. 2:21-cv-88, (E.D. Tex. June 7, 2021) Dkt. 12 at ¶ 5.

37.    Joinder of Defendants is proper under 35 U.S.C. § 299.

## THE PATENTS-IN-SUIT

### The '811 Patent

38.    The '811 Patent, entitled "Specification of smart wireless television for rendering digital content," duly and legally issued on May 26, 2015, from U.S. Patent Application No. 12/764,032, filed on April 20, 2010, naming William Ho Chang and Christina Ying Liu as the inventors.  A true and correct copy of the '811 Patent is attached hereto as Exhibit 1 and is incorporated by reference.

39.    The '811 Patent claims priority to U.S. Patent Application No. 10/053,765, which was filed on January 18, 2002 and issued as U.S. Patent No. 9,836,257.  The '811 Patent also

claims priority to U.S. Provisional Application No. 60/262,764, which was filed on January 19, 2001.

40.    The '811 Patent claims patent-eligible subject matter under 35 U.S.C. § 101.

41.    Flexiworld is the owner and assignee of all rights, title, and interest in and under the '811 Patent.

42.    An assignment of the '811 Patent from inventors Chang and Liu to Flexiworld is recorded at the United States Patent and Trademark Office ("PTO") at Reel/Frame 029112/0430.

43.    Flexiworld has standing to sue for infringement of the '811 Patent.

**The '259 Patent**

44.    The '259 Patent, entitled "Televisions, output controllers, or speakers that are setup to wirelessly connect to a network and to receive digital content from a digital content service over the network," duly and legally issued on December 5, 2017, from U.S. Patent Application No. 15/359,147, filed on November 22, 2016, naming William Ho Chang and Christina Ying Liu as the inventors.  A true and correct copy of the '259 Patent is attached hereto as Exhibit 2 and is incorporated by reference.

45.    The '259 Patent claims priority to U.S. Patent Application No. 10/053,765, which was filed on January 18, 2002 and issued as U.S. Patent No. 9,836,257, and U.S. Patent Application No. 09/992,413, which was filed on November 18, 2001 and issued as U.S. Patent No. 9,965,233. The '259 Patent also claims priority to U.S. Provisional Application No. 60/262,764, filed on January 19, 2001, and U.S. Provisional Application No. 60/252,682, filed on November 20, 2000.

46.    The '259 Patent claims patent-eligible subject matter under 35 U.S.C. § 101.

47.    Flexiworld is the owner and assignee of all rights, title, and interest in and under the '259 Patent.

48.    An assignment of the '259 Patent from inventors Chang and Liu to Flexiworld is recorded at the United States Patent and Trademark Office ("PTO") at Reel/Frame 042385/0202.

49.    Flexiworld has standing to sue for infringement of the '259 Patent.

**The '233 Patent**

50.    The '233 Patent, entitled "Digital content services or stores over the Internet that transmit or stream protected or encrypted digital content to connected devices and applications that access the digital content services or stores," duly and legally issued on May 8, 2018, from U.S. Patent Application No. 09/992,413, filed on November 18, 2001, naming William Ho Chang and Christina Ying Liu as the inventors.  A true and correct copy of the '233 Patent is attached hereto as Exhibit 3 and is incorporated by reference.

51.    The '233 Patent claims priority to U.S. Provisional Application No. 60/252,682, filed on November 20, 2000.

52.    The '233 Patent claims patent-eligible subject matter under 35 U.S.C. § 101.

53.    Flexiworld is the owner and assignee of all rights, title, and interest in and under the '233 Patent.

54.    An assignment of the '233 Patent from inventors Chang and Liu to Flexiworld is recorded at the United States Patent and Trademark Office ("PTO") at Reel/Frame 012325/0362.

55.    Flexiworld has standing to sue for infringement of the '233 Patent.

**The '072 Patent**

56.    The '072 Patent, entitled "Sound output system or Internet appliance that supports voice activated commands, and that plays audio data received from a service over a network," duly and legally issued on November 27, 2018, from U.S. Patent Application No. 15/494,297, filed on April 21, 2017, naming William Ho Chang and Christina Ying Liu as the inventors.  A true and correct copy of the '072 Patent is attached hereto as Exhibit 4 and is incorporated by reference.

57.    The '072 Patent claims priority to U.S. Patent Application No. 10/053,765, which was filed on January 18, 2002 and issued as U.S. Patent No. 9,836,257.  The '072 patent also claims priority to U.S. Patent Application No. 09/992,413, which was filed on November 18, 2001 and issued as U.S. Patent No.  9,965,233. The '072 Patent also claims priority to U.S. Patent Application No. 13/710,299, which was filed on December 10, 2012 and issued as U.S. Patent No. 9,798,516. The '072 Patent also claims priority to U.S. Patent Application No. 12/903,048, which was filed on October 12, 2010 and issued as U.S. Patent No. 8,332,521. The '072 Patent also claims priority to U.S. Patent Application No. 10/016,223, which was filed on November 1, 2001 and issued as U.S. Patent No. 7,941,541. The '072 Patent also claims priority to U.S. Provisional Application No. 60/262,764, filed on January 19, 2001, U.S. Provisional Application No. 60/252,682, filed on November 20, 2000, and U.S. Provisional Application No. 60/245,101, filed on November 1, 2000.

58.    The '072 Patent claims patent-eligible subject matter under 35 U.S.C. § 101.

59.    Flexiworld is the owner and assignee of all rights, title, and interest in and under the '072 Patent.

60.    An assignment of the '072 Patent from inventors Chang and Liu to Flexiworld is recorded at the United States Patent and Trademark Office ("PTO") at Reel/Frame 042385/0202.

61.    Flexiworld has standing to sue for infringement of the '072 Patent.

**The '596 Patent**

62.    The '596 Patent, entitled "Portable electronic device configured to receive voice activated commands and to wirelessly manage or drive an output device," duly and legally issued on December 25, 2018, from U.S. Patent Application No. 15/201,194, filed on July 1, 2016,

**ORIGINAL COMPLAINT**                                                    **Page 12 of 28**

naming William Ho Chang and Christina Ying Liu as the inventors.  A true and correct copy of the '596 Patent is attached hereto as Exhibit 5 and is incorporated by reference.

63.    The '596 Patent claims priority to U.S. Patent Application No. 13/710,295 which was filed on December 10, 2012 and issued as U.S. Patent No. 9,383,956. The '596 Patent also claims priority to U.S. Patent Application No. 10/016,223, which was filed on November 1, 2001 and issued as U.S. Patent No. 7,941,541. The '596 Patent also claims priority to U.S. Patent Application No. 12/903,048, which was filed on October 12, 2010 and issued as U.S. Patent No. 8,332,521.  The '596 Patent also claims priority to U.S. Provisional Application No. 60/245,101, filed on November 1, 2000.

64.    The '596 Patent claims patent-eligible subject matter under 35 U.S.C. § 101.

65.    Flexiworld is the owner and assignee of all rights, title, and interest in and under the '596 Patent.

66.    An assignment of the '596 Patent from inventors Chang and Liu to Flexiworld is recorded at the United States Patent and Trademark Office ("PTO") at Reel/Frame 039816/0200.

67.    Flexiworld has standing to sue for infringement of the '596 Patent.

**The '178 Patent**

68.    The '178 Patent, entitled "Wireless output devices or wireless controllers that support wireless device discovery for establishing wireless connectivity," duly and legally issued on July 31, 2018, from U.S. Patent Application No. 15/348,006, filed on November 10, 2016, naming William Ho Chang and Christina Ying Liu as the inventors.  A true and correct copy of the '178 Patent is attached hereto as Exhibit 6 and is incorporated by reference.

69.    The '178 Patent claims priority to U.S. Patent Application No. 10/053,765 which was filed on January 18, 2002 and issued as U.S. Patent No. 9,836,257. The '178 Patent also claims

**ORIGINAL COMPLAINT**                                                    **Page 13 of 28**

priority to U.S. Patent Application No. 13/710,299, which was filed on December 10, 2012 and issued as U.S. Patent No. 9,798,516. The '178 Patent also claims priority to U.S. Patent Application No. 12/903,048, which was filed on October 12, 2010 and issued as U.S. Patent No. 8,332,521. The '178 Patent also claims priority to U.S. Patent Application No. 10/016,223, which was filed on November 1, 2001 and issued as U.S. Patent No. 7,941,541. The '596 Patent also claims priority to U.S. Provisional Application No. 60/262,764, filed on January 19, 2001, as well as U.S. Provisional Application No. 60/245,101, filed on November 1, 2000.

70.    The '178 Patent claims patent-eligible subject matter under 35 U.S.C. § 101.

71.    Flexiworld is the owner and assignee of all rights, title, and interest in and under the '178 Patent.

72.    An assignment of the '178 Patent from inventors Chang and Liu to Flexiworld is recorded at the United States Patent and Trademark Office ("PTO") at Reel/Frame 042385/0202.

73.    Flexiworld has standing to sue for infringement of the '178 Patent.

## GENERAL ALLEGATIONS

74.    LG has not obtained a license to any of the Patents-in-Suit.

75.    LG did not have Flexiworld's permission to make, use, sell, offer to sell, or import products or practice methods that are covered by one or more claims of any of the Patents-in-Suit.

76.    LG has made, used, sold, offered to sell, and/or imported into the United States products as claimed in each of the Patents-in-Suit.

77.    LG has infringed (literally and/or under the doctrine of equivalents), directly, indirectly, and/or through subsidiaries, agents, representatives, or intermediaries, one or more claims of each of the Patents-in-Suit by making, using, importing, testing, supplying, causing to

**ORIGINAL COMPLAINT**                                      **Page 14 of 28**

be supplied, selling, and/or offering for sale in the United States the Accused TVs and/or the Accused Soundbars/Speakers.

78.     LG's customers have directly infringed the Patents-in-Suit by using the Accused Products.   Through its product manuals, website, and/or sales and marketing activities, LG solicited, instructed, encouraged, and aided and abetted its customers to purchase and use the Accused Products in an infringing way.

79.     Defendants have had knowledge of the Patents-in-Suit at least through Flexiworld's sending of (and Defendants' receipt of) a notice letter via U.S. mail on October 1, 2021, which identified the Patents-in-Suit, additional Flexiworld patents, and the Accused Products as infringing the Patents-in-Suit.   Flexiworld's notice letter was sent both to LGEUS's registered agent and to LGEUS's Vice President and General Counsel.   Copies of these notice letters are attached hereto as Exhibits 7-8.   In addition or in the alternative, Defendant has knowledge of the Patents-in-Suit through the service of Flexiworld's Original Complaint in this action.

80.     By receiving such notice of infringement, Defendants obtained a subjective belief that there is a high probability that the Accused Products infringe the Patents-in-Suit.   Despite being put on notice of infringement, on information and belief Defendant has not taken any actions to avoid the conduct alleged to infringe and has not sought to remedy its infringements by offering to take a license.   Defendants' failure to act reflects deliberate actions to avoid learning that the Accused Products infringe the Patents-in-Suit and, more generally, a policy of not earnestly reviewing and respecting the intellectual property of others.

81.     Defendants' actions after learning of the Patents-in-Suit were with specific intent to cause infringement of one or more claims of each of the Patents-in-Suit.

82.     Further discovery may reveal earlier knowledge of one or more of the Patents-in-Suit, which would provide additional evidence of LG's specific intent, willful blindness, and/or willful infringement of the Patents-in-Suit.

83.     Despite having knowledge of the Patents-in-Suit, as well as knowledge that it was directly and/or indirectly infringing one or more claims of each Patent-in-Suit, LG nevertheless proceeded to infringe the Patents-in-Suit, and induce others to do the same, with full and complete knowledge of the applicability of the Patents-in-Suit to the Accused Products, without a license and without a good faith belief that the claims of the Patents-in-Suit were not infringed.  As noted above, this includes, but is not limited to, the willful blindness of LG including its refusal to investigate whether the Accused Products infringe the Patents-in-Suit.

84.     Flexiworld has been damaged as a result of LG's infringing conduct. LG is therefore liable to Flexiworld in an amount that adequately compensates Flexiworld for LG's infringement, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

85.     In addition, for the reasons discussed herein, Defendants' infringing activities detailed in this Complaint and Exhibits 9-17 have been willful, egregious, wanton, and deliberate in disregard to Flexiworld's rights, justifying a finding of willful infringement, enhanced damages under 35 U.S.C. § 284 and attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

86.     LG markets and sells other products that are not covered by the claims of the Patents-in-Suit but that were sold with or in conjunction with the Accused Products.  Accordingly, Flexiworld is entitled to collect damages from LG for convoyed sales of certain non-patented items.

**ORIGINAL COMPLAINT**                                                                **Page 16 of 28**

87.     LG failed to obtain permission from Flexiworld to make, use, sell, offer to sell, or import products incorporating the inventions claimed in the Patents-in-Suit including, but not limited to, the Accused Products.

88.     Attached hereto are <u>Exhibits 9-17,</u> and incorporated herein by reference, are representative claim charts detailing how exemplary Accused Products have infringed the Patents-in-Suit.

89.     On information and belief, with respect to each Patent-in-Suit Flexiworld has complied with the requirements of 35 U.S.C. § 287.

90.     Since issuance of each of the Patents-in-Suit, Flexiworld has not made, offered for sale, sold, or imported a product that practices any of the Patents-in-Suit or that would otherwise require marking under 35 U.S.C. § 287.

91.     Further, on information and belief Flexiworld's licensees either did not make, offer to sell, sell, or import products that would require marking under 35 U.S.C. § 287 or otherwise did not have an obligation to mark any of their products with any of the Patents-in-Suit.

92.     Flexiworld complied with the requirements of 35 U.S.C. § 287, to the extent necessary, such that Flexiworld may recover pre-suit damages.

93.     For each count of infringement listed below, Flexiworld incorporates and re-states the allegations contained in the preceding paragraphs above, including these General Allegations, as if fully set forth in each count of infringement.

## <u>COUNT I – INFRINGEMENT OF THE '811 PATENT</u>

94.     Flexiworld incorporates herein the allegations made above in paragraphs 1 through 93.

95.    LG has directly infringed one or more claims of the '811 Patent, including, for example, claims 1, 2, 5, 6, and 8 in violation of 35 U.S.C. § 271(a) by making, using, selling, offering for sale, and/or importing into the United States infringing products including, but not limited to, the Accused TVs.

96.    An exemplary claim chart demonstrating LG's infringement of the '811 Patent, as well as LG's customers' infringement of the '811 Patent, which is induced by LG, is attached as Exhibit 9 and incorporated herein by reference.

97.    Additionally, on information and belief, LG has indirectly infringed the '811 Patent in violation of 35 U.S.C. § 271(b) at least by inducing customers to purchase the Accused TVs and/or by instructing customers how to use the Accused TVs in a way that directly infringed at least claims 1, 2, 5, 6, and 8 of the '811 Patent.

98.    LG has had knowledge of the '811 Patent and of its infringement of the '811 Patent through at least Flexiworld's October 1, 2021 notice letters to LG, copies of which are attached hereto as Exhibits 7-8.

99.    On information and belief, despite LG's knowledge of the '811 Patent and of its infringement of the '811 Patent, LG has not sought to remedy its infringement or sought to identify any good faith belief as to why it does not infringe the '811 Patent.

100.    On information and belief, LG's actions represented a specific intent to induce infringement of at least claims 1, 2, 5, 6, and 8 of the '811 Patent.  For example, LG offered its customers extensive customer support and instructions that instructed and encouraged its customers to infringe the '811 Patent via at least their use of the Accused TVs.  *See, e.g.,* https://www.lg.com/us/support; *see also* Exhibit 9 and materials cited therein.

**ORIGINAL COMPLAINT**                                                        **Page 18 of 28**

101.    As a result of LG's infringement of the '811 Patent, Flexiworld has suffered and is owed monetary damages adequate to compensate it for the infringement under 35 U.S.C. § 284, but in no event less than a reasonable royalty.

102.    In addition, LG's infringing activities detailed in this Complaint and Exhibit 9 have been willful, egregious, wanton, and deliberate in disregard to Flexiworld's rights, justifying a finding of willful infringement, enhanced damages under 35 U.S.C. § 284 and attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

## COUNT II – INFRINGEMENT OF THE '259 PATENT

103.    Flexiworld incorporates herein the allegations made above in paragraphs 1 through 93.

104.    LG has directly infringed one or more claims of the '259 Patent, including, for example, claims 1, 2, 4, 5, 7, 8, 9, 10, and 11 in violation of 35 U.S.C. § 271(a) by making, using, selling, offering for sale, and/or importing into the United States infringing products including, but not limited to, the Accused TVs and the Accused Soundbars.

105.    Exemplary claim charts demonstrating LG's infringement of the '259 Patent, as well as LG's customers' infringement of the '259 Patent, which is induced by LG, are attached as Exhibits 10-11 and incorporated herein by reference.

106.    Additionally, on information and belief, LG has indirectly infringed the '259 Patent in violation of 35 U.S.C. § 271(b) at least by inducing customers to purchase the Accused TVs and the Accused Soundbars and/or by instructing customers how to use the Accused TVs and the Accused Soundbars in a way that directly infringed at least claims 1, 2, 4, 5, 7, 8, 9, 10, and 11 of the '259 Patent.

107.    LG has had knowledge of the '259 Patent and of its infringement of the '259 Patent through at least Flexiworld's October 1, 2021 notice letters to LG, copies of which are attached hereto as Exhibits 7-8.

108.    On information and belief, despite LG's knowledge of the '259 Patent and of its infringement of the '259 Patent, LG has not sought to remedy its infringement or sought to identify any good faith belief as to why it does not infringe the '259 Patent.

109.    On information and belief, LG's actions represented a specific intent to induce infringement of at least claims 1, 2, 4, 5, 7, 8, 9, 10, and 11 of the '259 Patent.  For example, LG offered its customers extensive customer support and instructions that instructed and encouraged its customers to infringe the '259 Patent via at least their use of the Accused TVs and the Accused Soundbars.  *See, e.g.,* https://www.lg.com/us/support; *see also* Exhibits 10-11 and materials cited therein.

110.    As a result of LG's infringement of the '259 Patent, Flexiworld has suffered and is owed monetary damages adequate to compensate it for the infringement under 35 U.S.C. § 284, but in no event less than a reasonable royalty.

111.    In addition, LG's infringing activities detailed in this Complaint and Exhibits 10-11 have been willful, egregious, wanton, and deliberate in disregard to Flexiworld's rights, justifying a finding of willful infringement, enhanced damages under 35 U.S.C. § 284 and attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

## COUNT III – INFRINGEMENT OF THE '233 PATENT

112.    Flexiworld incorporates herein the allegations made above in paragraphs 1 through 93.

**ORIGINAL COMPLAINT**                                    **Page 20 of 28**

113.    LG has directly infringed one or more claims of the '233 Patent, including, for example, claims 37, 38, and 39 in violation of 35 U.S.C. § 271(a) by making, using, selling, offering for sale, and/or importing into the United States infringing products including, but not limited to, the Accused TVs.

114.    Exemplary claim charts demonstrating LG's infringement of the '233 Patent, as well as LG's customers' infringement of the '233 Patent, which is induced by LG, are attached as Exhibit 12 and incorporated herein by reference.

115.    Additionally, on information and belief, LG has indirectly infringed the '233 Patent in violation of 35 U.S.C. § 271(b) at least by inducing customers to purchase the Accused TVs and/or by instructing customers how to use the Accused TVs in a way that directly infringed at least claims 37, 38, and 39 of the '233 Patent.

116.    LG has had knowledge of the '233 Patent and of its infringement of the '233 Patent through at least Flexiworld's October 1, 2021 notice letters to LG, copies of which are attached hereto as Exhibits 7-8.

117.    On information and belief, Despite LG's knowledge of the '233 Patent and of its infringement of the '233 Patent, LG has not sought to remedy its infringement or sought to identify any good faith belief as to why it does not infringe the '233 Patent.

118.    On information and belief, LG's actions represented a specific intent to induce infringement of at least claims 37, 38, and 39 of the '233 Patent.  For example, LG offered its customers extensive customer support and instructions that instructed and encouraged its customers to infringe the '233 Patent via at least their use of the Accused TVs.  *See, e.g.,* https://www.lg.com/us/support; *see also* Exhibit 12 and materials cited therein.

119.    As a result of LG's infringement of the '233 Patent, Flexiworld has suffered and is owed monetary damages adequate to compensate it for the infringement under 35 U.S.C. § 284, but in no event less than a reasonable royalty.

120.    In addition, LG's infringing activities detailed in this Complaint and Exhibit 12 have been willful, egregious, wanton, and deliberate in disregard to Flexiworld's rights, justifying a finding of willful infringement, enhanced damages under 35 U.S.C. § 284 and attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

## COUNT IV – INFRINGEMENT OF THE '072 PATENT

121.    Flexiworld incorporates herein the allegations made above in paragraphs 1 through 93.

122.    LG has directly infringed one or more claims of the '072 Patent, including, for example, claims 1, 2, 3, 4, 5, and 6 in violation of 35 U.S.C. § 271(a) by making, using, selling, offering for sale, and/or importing into the United States infringing products including, but not limited to, the Accused Soundbars.

123.    An exemplary claim chart demonstrating LG's infringement of the '072 Patent, as well as LG's customers' infringement of the '072 Patent, which is induced by LG, is attached as Exhibit 13 and incorporated herein by reference.

124.    Additionally, on information and belief, LG has indirectly infringed the '072 Patent in violation of 35 U.S.C. § 271(b) at least by inducing customers to purchase the Accused Soundbars and/or by instructing customers how to use the Accused Soundbars in a way that directly infringed at least claims 1, 2, 3, 4, 5, and 6 of the '072 Patent.

**ORIGINAL COMPLAINT**                                              **Page 22 of 28**

125.    LG has had knowledge of the '072 Patent and of its infringement of the '072 Patent through at least Flexiworld's October 1, 2021 notice letters to LG, copies of which are attached hereto as Exhibits 7-8.

126.    On information and belief, despite LG's knowledge of the '072 Patent and of its infringement of the '072 Patent, LG has not sought to remedy its infringement or sought to identify any good faith belief as to why it does not infringe the '072 Patent.

127.    On information and belief, LG's actions represented a specific intent to induce infringement of at least claims 1, 2, 3, 4, 5, and 6 of the '072 Patent.  For example, LG offered its customers extensive customer support and instructions that instructed and encouraged its customers to infringe the '072 Patent via at least their use of the Accused Soundbars.  *See, e.g.,* https://www.lg.com/us/support; *see also* Exhibit 13 and materials cited therein.

128.    As a result of LG's infringement of the '072 Patent, Flexiworld has suffered and is owed monetary damages adequate to compensate it for the infringement under 35 U.S.C. § 284, but in no event less than a reasonable royalty.

129.    In addition, LG's infringing activities detailed in this Complaint and Exhibit 13 have been willful, egregious, wanton, and deliberate in disregard to Flexiworld's rights, justifying a finding of willful infringement, enhanced damages under 35 U.S.C. § 284 and attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

## COUNT V – INFRINGEMENT OF THE '596 PATENT

130.    Flexiworld incorporates herein the allegations made above in paragraphs 1 through 93.

131.    LG has directly infringed one or more claims of the '596 Patent, including, for example, claims 1, 2, 4, 5, 6, 7, 8, 9, 11, 12, and 13, in violation of 35 U.S.C. § 271(a) by making,

using, selling, offering for sale, and/or importing into the United States infringing products including, but not limited to, the Accused TV Remotes and the Accused Apps.

132.    Exemplary claim charts demonstrating LG's infringement of the '596 Patent, as well as LG's customers' infringement of the '596 Patent, which is induced by LG, are attached as Exhibits 14-15 and incorporated herein by reference.

133.    Additionally, on information and belief, LG has indirectly infringed the '596 Patent in violation of 35 U.S.C. § 271(b) at least by inducing customers to purchase/download the Accused TV Remotes and the Accused Apps and/or by instructing customers how to use the Accused TV Remotes and the Accused Apps in a way that directly infringed at least claims 1, 2, 4, 5, 6, 7, 8, 9, 11, 12, and 13 of the '596 Patent.

134.    LG has had knowledge of the '596 Patent and of its infringement of the '596 Patent through at least Flexiworld's October 1, 2021 notice letters to LG, copies of which are attached hereto as Exhibits 7-8.

135.    On information and belief, despite LG's knowledge of the '596 Patent and of its infringement of the '596 Patent, LG has not sought to remedy its infringement or sought to identify any good faith belief as to why it does not infringe the '596 Patent.

136.    On information and belief, LG's actions represented a specific intent to induce infringement of at least claims 1, 2, 4, 5, 6, 7, 8, 9, 11, 12, and 13 of the '596 Patent.  For example, LG offered its customers extensive customer support and instructions that instructed and encouraged its customers to infringe the '596 Patent via at least their use of the Accused TV Remotes and the Accused Apps.  *See, e.g.,* https://www.lg.com/us/support; *see also* Exhibits 14-15 and materials cited therein.

**ORIGINAL COMPLAINT**                                              **Page 24 of 28**

137.    As a result of LG's infringement of the '596 Patent, Flexiworld has suffered and is owed monetary damages adequate to compensate it for the infringement under 35 U.S.C. § 284, but in no event less than a reasonable royalty.

138.    In addition, LG's infringing activities detailed in this Complaint and Exhibits 14-15 have been willful, egregious, wanton, and deliberate in disregard to Flexiworld's rights, justifying a finding of willful infringement, enhanced damages under 35 U.S.C. § 284 and attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

## COUNT VI – INFRINGEMENT OF THE '178 PATENT

139.    Flexiworld incorporates herein the allegations made above in paragraphs 1 through 93.

140.    LG has directly infringed one or more claims of the '178 Patent, including, for example, claims 13, 14, 15, 16, and 18, in violation of 35 U.S.C. § 271(a) by making, using, selling, offering for sale, and/or importing into the United States infringing products including, but not limited to, the Accused TVs and the Accused Soundbars.

141.    Exemplary claim charts demonstrating LG's infringement of the '178 Patent, as well as LG's customers' infringement of the '178 Patent, which is induced by LG, are attached as Exhibits 16-17 and incorporated herein by reference.

142.    Additionally, on information and belief, LG has indirectly infringed the '178 Patent in violation of 35 U.S.C. § 271(b) at least by inducing customers to purchase/download the Accused TVs and the Accused Soundbars and/or by instructing customers how to use the Accused TVs and the Accused Soundbars in a way that directly infringed at least claims 13, 14, 15, 16, and 18 of the '178 Patent.

143.    LG has had knowledge of the '178 Patent and of its infringement of the '178 Patent through at least Flexiworld's October 1, 2021 notice letters to LG, copies of which are attached hereto as Exhibits 7-8.

144.    On information and belief, despite LG's knowledge of the '178 Patent and of its infringement of the '178 Patent, LG has not sought to remedy its infringement or sought to identify any good faith belief as to why it does not infringe the '178 Patent.

145.    On information and belief, LG's actions represented a specific intent to induce infringement of at least claims 13, 14, 15, 16, and 18 of the '178 Patent.  For example, LG offered its customers extensive customer support and instructions that instructed and encouraged its customers to infringe the '178 Patent via at least their use of the Accused TVs and the Accused Soundbars.  *See, e.g.,* https://www.lg.com/us/support; *see also* Exhibits 16-17 and materials cited therein.

146.    As a result of LG's infringement of the '178 Patent, Flexiworld has suffered and is owed monetary damages adequate to compensate it for the infringement under 35 U.S.C. § 284, but in no event less than a reasonable royalty.

147.    In addition, LG's infringing activities detailed in this Complaint and Exhibits 16-17 have been willful, egregious, wanton, and deliberate in disregard to Flexiworld's rights, justifying a finding of willful infringement, enhanced damages under 35 U.S.C. § 284 and attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

## **DEMAND FOR A JURY TRIAL**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Flexiworld demands a trial by jury on all issues triable of right by a jury.

**ORIGINAL COMPLAINT**                                                                    **Page 26 of 28**

## PRAYER FOR RELIEF

WHEREFORE, Flexiworld respectfully requests that this Court enter judgment in its favor and grant the following relief:

a.  A judgment that LG has directly and/or indirectly infringed one or more claims of each of the Patents-in-Suit;

b.  A judgment and order requiring LG to pay Flexiworld past and future damages under 35 U.S.C. § 284, including for supplemental damages arising from any infringements not accounted for in the verdict, including any pre-verdict infringements not accounted for in the verdict and any continuing post-verdict infringement for the time between trial and entry of the final judgment, with an accounting, as needed, as provided by 35 U.S.C. § 284;

c.  A judgment and order that LG has willfully infringed the Patents-in-Suit and requiring LG to pay Flexiworld enhanced damages under 35 U.S.C. § 284 and attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285;

d.  A judgment and order requiring LG to pay Flexiworld pre-judgment and post-judgment interest on the damages award;

e.  A judgment and order requiring LG to pay Flexiworld's costs; and

f.  Such other and further relief as the Court may deem just and proper.

Dated: September 18, 2025

Respectfully submitted,

*/s/ Timothy E. Grochocinski*
Timothy E. Grochocinski
Illinois Bar No. 6295055
Charles Austin Ginnings
Illinois No. 6343678
Taryn N. Trusty
Illinois Bar No. 6344409
NELSON BUMGARDNER CONROY PC
745 McClintock Drive, Suite 340
Burr Ridge, Illinois 60527
708.675.1974 (telephone)
tim@nelbum.com
austin@nelbum.com
taryn@nelbum.com

*Attorneys for Plaintiff*
*Flexiworld Technologies, Inc.*